## S. & S. PAPER PRODUCTS CO. et al. v. OSWEGO FALLS CORPORATION et al.

Circuit Court of Appeals, Seventh Circuit.
November 16, 1927.

No. 3879.

Patents ⬿328—1,403,532, for closure disk for containers, held void.

Wright patent, No. 1,403,532, for closure disk for containers, *held* void for lack of invention, also, not infringed.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit in equity by the Oswego Falls Corporation and another against the S. & S. Paper Products Company and another. Decree for complainants, and defendants appeal. Reversed.

George Wilkinson, of Chicago, Ill., for appellants.

Melville Church, of Washington, D. C., for appellees.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. This suit involves claims 2, 4, and 5 of Wright patent, No. 1,403,532, which were held valid and infringed. The invention is for closure disk for containers, made of paper material, as illustrated in

Figure 2, here reproduced, and which has come into general use as a cap for milkbottles:

Fig. 2.

The illustration shows a tongue-like portion *2* raised so as to make an opening through the disk. The material used is common single-ply pulp or paper, and, while it is stated that it is intended to provide such disk formation that cap-making machinery in common use can be easily modified to form the cuts in the disks as such machinery stamps or punches out the disks, it is thought that that is a mere mechanical arrangement, that has no appealing force in considering what is claimed to be the invention in the device.

While there is some variety in the statement of the claims in suit, the invention, if there is one, consists in cuts, which are usually U-shaped, as shown in the figure, supra. One of these cuts is on the bottom of the disk, and the other on the top. The bottom cutting is smaller and inside the top cutting; that is, the line around the white part of the tongue *2* represents the lower cutting, and the other line at *2a* represents the upper cutting. Neither cutting goes clear through, but there is left between them a septum, along which the paper tears when the tongue is lifted, so as to leave a ledge or shelf, upon which the wider portion of the tongue at *2a* will rest when the opening, made by the raising, is again closed. This, together with the depression shown at *5*, is the Wright device.

Defendants' device is substantially identical with the Wright device, with the exception of the depression *5*, which is not used. Claims 1 and 3 specifically call for a depression at the opening end of the tongue. Claim 2 says that the top of the disk is "formed to render the end of said portion [tongue] accessible." Claim 4 says: "Formed to permit access of a finger nail to the inner end of said portion [tongue] to enable said portion to be bent up." Claim 5 says: "Said disk being formed to permit access to said inner end

of said portion [tongue] to enable said portion to be partially detached."

Plaintiffs urge that these provisions in claims 2, 4, and 5 are not identical with the provisions in claims 1 and 3, and, in order to support the charge of infringement, are forced to the contention that any cut at the end of the tongue for whatever purpose, whether necessarily a part of the operation of forming the top cut of the tongue or not responds to that element of claims 2, 4, and 5, above set out. We are of opinion that the claims cannot be so construed.

Claim 2 calls for upper and lower offset cuts, outlining a tonguelike portion. Claims 4 and 5, if they embody the device of the patent, must be held to call for like upper and lower cuts; so we must hold that, when claim 2 makes the further provision that the disk at its top face is "formed to render the end of the portion accessible," something other, different, and in addition to the upper cutting is intended. As shown, there is substantially that provision in claims 4 and 5. Defendants' device had nothing in addition to the upper and lower cuttings.

Several patents in the prior art are cited. The Jaeger patent, No. 358,671, issued in 1887, is a paper box, showing a U-shaped tongue, with an upper and lower cutting, which, so far as are here concerned, is substantially identical with the Wright cutting and for the same purpose. It is urged that obviously the Jaeger patent does not relate to bottle caps, which is true; but it must be noted that the Wright specification says, "This invention relates to certain improvements in closure disks for containers," and is not limited to bottle caps.

The Snow patent, No. 710,219, as far back as 1902, shows a milk bottle cap. While the flap was designed to be pressed downwardly into the top of the bottle, the disk is imperforate, and the flap is formed by pressing a portion of the disk into a different plane from the surrounding, as shown in the figures of that patent, so as to cut it nearly, but not quite, through.

Figure 2 of the Bradley patent, No. 895,719, shows a cut around the end of a flap in a bottle stopping disk identical with the upper cutting in the Wright device. The flap is used for the purpose of making an opening in the cap or lifting the cap from the bottle. The specification says that "at the free end of the tongue is also cut a small narrow groove for access thereto by thumb nail or otherwise."

A very similar cap, with a very similar opening, so far as its uses and purposes are

concerned, is found in Parker patent, No. 934,832. The specification says: "In the manufacture of the closure, a circular disk is stamped from a sheet or strip of pulpboard, and at the same time, or subsequently thereto, there is formed in the disk by means of any suitable cutting tool or appliance, and near its circumference, a U-shaped cut *a* having a depth which is practically equal to one-half the thickness of the material, and, at the same time that the cut is produced, the material outside of the cut and immediate thereto is depressed to form a channel *b* which extends to the bottom of the cut." '

We are of opinion that every element in the claims is found in some one or more of the prior art patents cited, and, as adopted in the Wright device, perform identically the same function they performed in the device from which taken. It is quite as apparent that the cut at the tongue's end in plaintiffs' device, which plaintiffs say corresponds to that part·of claim 2 reading, "and at its top face formed to render the end of said portion accessible," is found in several of the prior art patents cited.

We are of opinion that Wright exercised nothing more than mechanical skill, and that there is neither invention nor infringement. The decree is reversed, with directions to dismiss the. bill.